IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ARRIE PROSSER, ) | |
| ) | Civil Action No. 5:14-CV-21-CAR |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| THIELE KAOLIN COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Arrie Prosser, and files this lawsuit against Defendant Thiele Kaolin Company ("Thiele Kaolin"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages brought pursuant to the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA"). Specifically, during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period"), Plaintiff was paid unequal wages, salary, and benefits on the basis of her gender and terminated in retaliation for complaining about said unequal wages, salary, and benefits.[1]

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1343(a)(4).

4.

Thiele Kaolin is a Georgia corporation, and the unlawful employment practices described herein occurred at 520 Kaolin Road, Sandersville, GA, 31082. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 216(b); LR 3.4, Middle District of Georgia.

---

[1] Plaintiff has filed a charge of discrimination (410-2013-05448) with the Equal Employment Opportunity Commission and, after receiving her right-to-sue letter, will amend this Complaint accordingly.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from March 26, 1991, through April 12, 2013.

7.

Plaintiff worked for the Defendant as a Centrifuge Operator.

8.

Plaintiff was an "employee" for Defendant as defined by the EPA.

9.

Thiele Kaolin Company is an "employer" within the definition of EPA.

10.

Defendant is governed by and subject to the EPA.

### IV. Facts

11.

Plaintiff worked for the Defendant within the past three years.

12.

Plaintiff was the only female working for the Defendant in the Centrifuge Operator position during the relevant period.

13.

Defendant employed multiple males in the Centrifuge Operator position.

14.

Plaintiff and the male Centrifuge Operators performed duties substantially equal in skill, effort, and responsibility.

15.

Plaintiff and the male Centrifuge Operators performed similar duties, including but not limited to, monitoring, observing, and controlling the centrifuge operations to separate impurities and produce pure clay, manually turning valves, pumping clay into machines, managing water use, and transferring clay product to various departments.

16.

Defendant paid Plaintiff wages, salary, and benefits unequal to that of the male Centrifuge Operators for performing substantially similar duties.

17.

Plaintiff had not received a merit increase in her wages, salary, and benefits since approximately February 2002.

18.

Defendant did pay male Centrifuge Operators merit increases in wages, salary, and benefits between approximately February 2002 and April 2013.

19.

On or about April 4, 2013, Plaintiff complained to the Defendant about being paid wages, salary, and benefits unequal to that of the male Centrifuge Operators for performing substantially similar duties and the lack of a raise in more than ten years.

20.

On or about April 5, 2013, Defendant verbally reprimanded Plaintiff for alleged poor performance and attitude and sent Plaintiff home on suspension.

21.

Prior to Plaintiff's complaint about unequal wages, salary, and benefits, Plaintiff had not been reprimanded, warned, instructed, or advised of any alleged poor performance or attitude since August 15, 1997.

22.

Prior to Plaintiff's complaint about unequal wages, salary, and benefits, Defendant had not documented any of the alleged poor performance or attitude discussed on or about April 5, 2013, in Plaintiff's employee file.

23.

On or about April 5, 2013, Defendant sent a letter to Plaintiff requiring that Plaintiff provide a written commitment to meet Defendant's performance and attitude expectations.

24.

On or about April 10, 2013, Defendant received a certified letter from Plaintiff in response to the Defendant's letter in which Plaintiff stated, "If I did anything wrong, I do apologize."

25.

On or about April 12, 2013, Defendant terminated Plaintiff's employment and issued a Separation Notice which states, "employee deliberately failed to submit written assurance that her performance and attitude would improve."

## V. **COUNT ONE:**

**Violation of the Equal Pay Act**

26.

Plaintiff incorporates herein by reference paragraphs one (1) through and including twenty-five (25) of this Complaint as though fully restated herein.

27.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing substantially similar work.

28.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

29.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

### VI.  COUNT TWO:

**Retaliation**

30.

Plaintiff incorporates herein by reference paragraphs one (1) through and including twenty-nine (29) of this Complaint as though fully restated therein.

31.

Plaintiff, a female, complained to Defendant about being paid wages, salary, and benefits unequal to that of male employees performing substantially similar work.

32.

Within one day after Plaintiff's complaint, Defendant suspended Plaintiff for alleged poor performance and attitude about which Plaintiff had not previously been warned.

33.

Defendant terminated Plaintiff's employment within one week of her complaint about unequal wages.

34.

Defendant's actions constitute retaliation in violation of the EPA and the Fair Labor Standards Act of 1928, as amended, 29 U.S.C. § 201 *et seq.*

35.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees and costs of litigation as a result of the Defendant's violation.

### VII. **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the EPA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under the EPA and all other remedies allowed under the the EPA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 13th day of January, 2014.

**BARRETT & FARAHANY, LLP**

S/<u>Benjamin F. Barrett</u>
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Attorneys for Arrie Prosser

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Ben@bf-llp.com

Amanda@bf-llp.com